IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  Plaintiff,  vs.  LARRY EDWARD TALSETH,  Defendant. | CR-07-20-H-DWM  FINDINGS AND RECOMMENDATION |

Before the Court is a petition alleging Defendant Larry Edward Talseth violated conditions of his supervised release. By Order entered August 11, 2020 United States District Judge Donald W. Molloy referred this matter to the undersigned to conduct a final revocation hearing. The Court conducted the hearing on August 14, 2020.

The petition filed in this case asserts Talseth committed five violations of his conditions of release. First, it alleges that on February 20, 2020 and March 13,

1

2020, Defendant's probation officer received contact from Talseth's sex offender treatment provider, Dr. Bowman Smelko, advising that Talseth did not appear for his scheduled treatment appointments.

Second, the petition alleges Talseth possessed packages of pornographic DVD's and magazines. These items were discovered by his wife and daughter who took possession of the packages and turned them over to the probation office. The petition further alleges that Talseth had been burying the items in his back yard and hiding them at his cabin.

The petition next alleges that on May 19, 2020, during a conversation between Talseth and his probation officer regarding Talseth's pornography possession and suspected possession of a smart phone, Talseth admitting to possessing a phone and reported that he disposed of the phone two to three days prior. However, on May 21, 2020 Talseth's wife turned the phone over to the probation office. On May 22, 2020 Talseth admitting to not disposing of the phone as previously stated. These facts are the basis for violation of two conditions of supervision: (1) the defendant shall not possess camera phones or electronic devices that could be used for covert photography without the prior written approval of the United States Probation Office, and (2) the defendant shall answer

truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

Finally, On May 19, 2020, Dr. Bowman Smelko advised the probation officer that due to Talseth's discovered pornography collection, the fact that he was not following treatment rules, and was withholding the fact that he had been hiding pornography items for some time, Talseth was no longer amenable to treatment and was therefore suspended. These facts support violation of the special condition requiring Talseth to enter and successfully complete a sex offender treatment program.

On May 28, 2020, the Court issued a warrant for Talseth's arrest based on the matters alleged in the petition. On June 10, 2020, Talseth was arrested.

At the August 14, 2020 hearing on the petition, Talseth appeared with counsel and admitted to each of the five alleged violations as set forth in the petition. The United States, Talseth's counsel, and Talseth were each given an opportunity to address the Court as to their recommendations and requests for an appropriate sentence and disposition of the petition.

Based on Talseth's admissions to the allegations in the petition, the Court finds, by a preponderance of the evidence, that Talseth committed the five violations of his conditions of supervised release as alleged in the petition.

Based on the foregoing, Talseth's admissions, and the Court's review of the record in this matter, the Court makes the following FINDINGS:

1. Talseth did not show for his scheduled sex offender treatment appointments on February 20, 2020 and March 13, 2020 in violation of Special Condition No. 2 imposed upon his supervised release.

2. Talseth knowingly possessed materials depicting sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A) and deemed inappropriate by his supervising probation officer in conjunction with Talseth's sex offender treatment provider in violation of Special Condition No. 8 imposed upon his supervised release.

3. Talseth possessed a smart phone that was not an approved device and has a functional camera capable of use in covert photography in violation of Special Condition No. 9 imposed upon his supervised release.

4. Talseth was untruthful to an inquiry by his probation officer as to whether Talseth was in possession of a smart phone that was not an approved device in violation of Standard Condition No. 3.

5. Talseth was suspended from a sex offender treatment program in violation of Special Condition No. 2.

It is therefore RECOMMENDED that the District Court revoke Talseth's supervised release, and that Talseth be committed to the custody of the United States Bureau of Prisons for a term of 6 months. Upon release from imprisonment, Talseth shall be placed on supervised release for a term of 10 years.

Within 72 hours of release from custody of the Bureau of Prisons, Talseth shall report in person to the probation office in the district to which he is released.

While on supervised release, the defendant shall not commit any Federal, state, or local crime, and shall not possess a controlled substance. The defendant shall be prohibited from owning, using, or being in constructive possession of firearms, ammunition, or other destructive devices while on supervision and any time after the completion of the period of supervision unless granted relief by the Secretary of Treasury. The defendant shall cooperate in the collection of DNA as directed by the United States Probation Officer. The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20911, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense.

In addition, the defendant shall comply with the standard conditions of supervised release as recommended by the United States Sentencing Commission,

and which have been adopted by this Court. The defendant shall also comply with the following special condition(s):

| Condition | Condition Description |
|---|---|
| 1. | All employment must be approved in advance in writing by the probation officer. You must consent to third-party disclosure to any employer or potential employer. |
| 2. | You must enter and successfully complete a sex offender treatment program as approved by the probation officer. You are to remain in that program until released by the probation officer in consultation with the treatment provider. You must pay part or all of the costs of this treatment as directed by the probation officer. |
| 3. | You must submit to not more than six polygraph examinations per year as directed by the probation officer to assist in treatment, planning, and case monitoring. You maintain your Fifth Amendment rights during polygraph examinations and may refuse to answer any incriminating questions. You must pay part or all of the costs of these examinations as directed by the probation officer. |
| 4. | Unless your receive prior written approval from the probation officer, you must not: knowingly reside in the home, residence, or be in the company of any child under the age of 18, go to or loiter within 100 yards of school yards, parks, playgrounds, arcades, or other places primarily used by children under the age of 18. |
| 5. | You must not possess camera phones or electronic devices that could be used for covert photography without prior written approval of the probation officer. |
| 6. | You must not knowingly acquire possess, or view any materials depicting sexually explicit conduct as defined in 18 U.S.C. § |

2256(2)(A), if the materials, taken as a whole, are designed to arouse sexual desire, unless otherwise approved by the supervising probation officer in conjunction with defendant's sex offender treatment provider. This condition applies to written stories, visual, auditory, telephonic, or electronic media, computer programs or services, and any visual depiction as defined in 18 U.S.C. § 2256(5). You must not knowingly patronize any place where sexually explicit material or entertainment is the primary item of sale, such as adult bookstores, clubs, or Internet sites, unless otherwise approved by the supervising probation officer in conjunction with your sex offender treatment provider. You must not utilize 900 or adult telephone numbers or any other sex-related numbers, or on-line chat rooms that are devoted to the discussion or exchange of sexually explicit materials as defined above.

7. You must submit your person, and any property, residence, place of employment, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, to which you have access, to a search at a reasonable time and a reasonable manner, with or without a warrant, by the United States Probation Office, or by any law enforcement officers upon the express direction of the United States Probation Office, with reasonable suspicion concerning a violation of a condition or supervision or unlawful conduct by you. Failure to submit to search may be grounds for revocation. You must warn any other occupants, adults, and minors that the premises may be subject to searches pursuant to this condition. You must allow seizure of suspected contraband for further examination.

8. You may own or possess only one device that has access to online services as approved by the probation officer. If that device is not a phone, you may also possess one mobile phone that has no online capability or camera. You must obtain the approval of the probation officer prior to using any device. You must not own, possess, or use any additional devices without the prior written approval of the probation officer. Your approved devices must be capable of being monitored and compatible with monitoring hardware, software, or other technology approved by the probation officer. You must allow

>   the probation officer to make unannounced examinations of all computer, hardware, and software, which may include the retrieval and copying of all data from your computer. You must allow the probation officer to install software to restrict or monitor your computer access. You must pay part or al of the costs of this monitoring as directed by the probation officer.
>   You must not use any computer device to access sexually explicit materials as defined in these conditions nor to contact minors or gather information about a minor.
>
>   You must not possess encryption of stenography software. You must provide records of all passwords, Internet service, and user identifications (both past and present) to the probation officer and immediately report changes. Immediately means within 6 hours. You must sign releases to allow the probation officer to access phone, wireless, Internet, and utility records.

9. You must abstain from the consumption of alcohol and are prohibited from entering establishments where alcohol is sold on a retail basis fr consumption on the premises.

10. You must participate in substance abuse testing to include not more than 52 breathalyzer tests annually during the period of supervision. You must pay part or all of the costs of testing as directed by the probation officer.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these Findings and Recommendations within 14 days of the date it is served as indicated on the Notice of Electronic Filing.  The District Judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made, and may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file

written objections may bar a de novo determination by the District Judge, and may waive the right to appear and allocute before the District Judge.

DATED this 14th day of August, 2020.

Kathleen L. DeSoto
United States Magistrate Judge